Nott, J.,
was of opinion the judgment ought to be arrested. The amendment of the indictment was irregular and unwarranted. As the verdict stood before, it was uncertain. It cannot appear from the record which prisoner was found guilty. The minutes of the court do not state the conviction of this prisoner in explicit terms. It only says that Samuel Yancey was brought into court; that the prisoner was tried and found guilty ; not saying what prisoner ; and that Samuel Yancey was remanded to gaol. The other objections he thought were invalid.
Smith, J.,
was of opinion, that neither of the exceptions ought-to prevail. The minutes of the proceedings of court on the indictment, shew clearly that the prisoners had separate trials. On the trial of this prisoner, the minutes shew that he was ordered to be-brought into courtthat he was brought in and arraigned ; that he was tried ; and that the verdict is recorded, shewing that the pri--soner was found guilty. In reading these proceedings, no doubt' can be entertained as to which of the prisoners the conviction re-' lates.
JBkevaed, J.,
was of the same opinion. The verdict is no pait-of the indictment. The indictment appears to be sufficient in law to maintain the verdict. The omission of “ good and lawful-men,” cannot apply to the petit jury, who found the vefdict. It shall be-intended that the grand jury were qualified to find the bill, after trial and verdict. The amendment of the verdict was irregular, but cannot vitiate the conviction, which was regular! The verdict,. although badly written, and incorrectly expressed, is clear enough,- and sufficient. No doubt can reasonably be entertained as to which of the indictees the word “ guilty” was applied. It is a matter of fact which may, at any time, be investigated and cleared up, not only by the written proceedings, but by evidence dehors. No dan-, ger can arise from the supposed uncertainty of the verdict. In favor of life, a jury trial would be ordered to ascertain the fact of identity, if any occasion should appear for it. All the other ex»-ceptions appear to be insufficient.
Bay, J., was of the same opinion.
Motion refused.